UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH HENRY, #833761 | ) ) ) | |
| Plaintiff, | ) ) | 2:10-cv-00790-GMN-LRL |
| vs. | ) ) | **ORDER** |
| NAPHCARE, INC., | ) ) | |
| Defendant. | ) / | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted. (Docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is detained at Clark County Detention Center ("CCDC"), has sued Naphcare, Inc., asserting a medical malpractice claim. Plaintiff claims that, despite indicating during the CCDC intake process that he is allergic to penicillin, he was treated with penicillin. Plaintiff alleges that he broke out in a bad rash, suffered bleeding from his mouth and nose, and muscle and body aches. Plaintiff states that a Dr. Franklin then prescribed a different antibiotic to alleviate his symptoms; he also states that the body aching has persisted.

To state a claim in a civil rights action, plaintiff must set fort facts indicating a deprivation of a constitutional right. Claims of inadequate medical care may implicate the Eighth Amendment, which prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.

1  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
2  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.
3  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does
4  not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does
5  not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429
6  U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v.*
7  *Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*)*, WMX Techs., Inc. v. Miller*,
8  104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish
9  deliberate indifference to serious medical needs.

10         Here, plaintiff asserts a claim for medical malpractice, which is insufficient to state an
11  Eighth Amendment claim. Accordingly, plaintiff's claim must be dismissed. However, the facts he sets
12  forth may implicate the Eighth Amendment. Plaintiff therefore will be given leave to amend, if he can
13  set forth facts that demonstrate that specific individual defendants were deliberately indifferent to his
14  serious medical needs. Currently, plaintiff names only Naphcare, Inc. as the defendant. While
15  Naphcare, Inc., as the CCDC medical provider and thus an arm of the county, may be sued under 42
16  U.S.C. § 1983, (*see Miranda v. Clark County, Nev.*, 319 F.3d 465, 469 (9th Cir. 2003) (en banc); *Monell*
17  *v. Dep't of Soc. Servs.*, 436 U.S. 658, 69 (1978)), a local governmental unit may not be held responsible
18  for the acts of its employees under a *respondeat superior* theory of liability. *See Bd.of County Comm'rs*
19  *v. Brown*, 520 U.S. 397, 403 (1997); *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *City*
20  *of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 691; *Fogel v. Collins*, 531
21  F.3d 824, 834 (9th Cir. 2008); *Webb v. Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003); *Gibson v. County*
22  *of Washoe*, 290 F.3d 1175 (9th Cir. 2002). Because municipal liability must rest on the actions of the
23  municipality, and not the actions of the employees of the municipality, a plaintiff must go beyond the
24  *respondeat superior* theory of liability and demonstrate that the alleged constitutional deprivation was
25  the product of a policy or custom of the local governmental unit. *See Brown*, 520 U.S. at 403; *City of*
26  *Canton*, 489 U.S. at 385; *Monell*, 436 U.S. at 690-91; Fogel, 531 F.3d at 834; *Gibson*, 290 F.3d at 1187.

1  Plaintiff has not alleged that he suffered a constitutional deprivation that was the product of a policy or
2  custom of Naphcare.  Notably, while plaintiff names no individuals as defendants, plaintiff refers in his
3  complaint to the "nurse and call doc" who administered his medication, as well as to a Dr. Franklin.

4  If plaintiff elects to proceed in this action by filing an amended complaint, he is advised
5  that he should specifically identify each defendant to the best of his ability, clarify what constitutional
6  right he believes each defendant has violated and support each claim with factual allegations about each
7  defendant's actions.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative
8  link or connection between a defendant's actions and the claimed deprivation.  *Rizzo*, 423 U.S. 362; *May
9  v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743.  Plaintiff's claims must be set
10 forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534
11 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

12 Plaintiff is informed that the court cannot refer to a prior pleading in order to make
13 plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be
14 complete in itself without reference to any prior pleading. This is because, as a general rule, an amended
15 complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once
16 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
17 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each
18 defendant must be sufficiently alleged.

19 **III. Conclusion**

20 **IT IS THEREFORE ORDERED** that plaintiffs application to proceed *in forma*
21 *pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**;  plaintiff shall not be
22 required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to
23 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996.  The movant herein is
24 permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or
25 the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the
26 issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's (Joseph Henry, Detainee No. 833761) account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiffs account.  **The Clerk shall send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint. (Docket #1-1).

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:10-CV-00790-PMP-LRL**, above the words "FIRST AMENDED"in the space for "Case No."

**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not


1  timely file an amended complaint in compliance with this order, this entire action may be immediately
2  dismissed.

3     **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983
4  civil rights complaint form with instructions along with one copy of the original complaint.

5
6     DATED this 10th day of September, 2010.

7     _____
8     UNITED STATES MAGISTRATE JUDGE